UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| LISA REED, | ) | Civ. 11-4157-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| FIRST PREMIER BANK, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Lisa Reed, filed a pro se lawsuit against defendant First Premier Bank on October 27, 2011. Reed alleges that First Premier Bank (First Premier) violated the Fair Credit Reporting Act (FCRA). Reed also moves for leave to proceed in forma pauperis in her lawsuit against First Premier.

A federal court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. In forma pauperis status is a privilege rather than a right. *See, e.g., Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) (discussing the right to proceed in forma pauperis in a nonprisoner case). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231

F.3d 456, 459 (8th Cir. 2000). Reed submitted an application to proceed in district court without prepaying fees or costs, but did not fill in any information as to her income or expenses. Thus, the court is unable to determine whether she has made the requisite financial showing to qualify for in forma pauperis status.

But the in forma pauperis inquiry is not limited to a plaintiff's financial status. Under § 1915, this court must also review the claims in the complaint to determine if they are "(i) frivolous or malicious; (ii) fail to state a claim on which relief may be granted; or (iii) seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(b). "Although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993). Broad and conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). If the allegations in a pro se complaint are not sufficient to "nudge [ ] claims across the line from conceivable to plausible, [the] complaint must be dismissed" for failure to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007). In enacting the FCRA, Congress sought to make "consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). Consequently, the FCRA has "several mechanisms to protect consumer credit information, some of which apply to consumer reporting agencies while others apply to users of the information provided by those agencies." *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008). The act also imposes duties on the sources that provide credit information to consumer reporting agencies, called "furnishers" in the statute; these duties are set forth at § 1681s-2. "The most common . . . furnishers of information are credit card issuers, auto dealers, department and grocery stores, lenders, utilities, insurers, collection agencies, and government agencies. *See* H.R. Rep. No. 108-263, at 24 (2003). This action concerns the duties of First Premier Bank as a furnisher of credit information.

Reed opened an account with First Premier in January 2008 and asserts she made timely payments until her health failed, "causing the Plaintiff to fail in her obligation to the Defendant." Docket 1 at ¶ 5. In August 2011, Reed obtained a copy of her credit report showing a charge-off on her account. *Id.* at ¶ 6. Reed "doubted the veracity of the report and filed a

dispute with the Credit Bureaus and First Premier Bank." *Id.* Reed states, "Defendant verified the information as correct, left information unchanged, and failed to show the information as disputed." *Id.* at ¶ 7. Reed asserts that First Premier violated the FCRA because it failed to show the information as disputed or update the information.

A furnisher cannot be held liable under section 1681s-2(b) simply for failing to report that a debt is disputed. Rather, a furnisher may only be liable if the omission is "misleading in such a way and to such an extent that it can be expected to have an adverse effect." *See Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1163 (9th Cir. 2009); *Saunders v. Branch Banking & Trust Co. of Virginia,* 526 F.3d 142, 148 (4th Cir. 2008); *Sepulvado v. CSC Credit Servs., Inc.,* 158 F.3d 890, 895-95 (5th Cir. 1998); *Koropoulos v. Credit Bureau, Inc.,* 734 F.2d 37, 40 (D.C. Cir. 1984). The Ninth Circuit explained that:

> In other words, a furnisher does not report "incomplete or inaccurate" information within the meaning of Section 1681s-2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading. It is the failure to report a bona fide dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under Section 1681s-2(b).

*Gorman,* 584 F.3d at 1163.

Here, Reed alleges that she "doubted the veracity" of the reported charge-off. Docket 1 at ¶ 6. But she does not allege that she paid the debt or

4

that she is not the individual responsible for the debt. In fact, Reed admits that she "fail[ed] in her obligation to the Defendant." *Id.* at ¶ 5. Thus, Reed has not alleged a bona fide dispute that would require First Premier to report Reed's debt as disputed to the credit bureaus. In *Beyer v. Firstar Bank, N.A.*, 447 F.3d 1106, 1107-08 (8th Cir. 2006), the Eighth Circuit Court of Appeals affirmed a grant of summary judgment in favor of the defendant bank because the plaintiff "failed to produce any evidence from which a reasonable jury could have determined that the report was false[.]" In *Beyer*, the plaintiff at least alleged in his complaint that he had paid the debt owed to the defendant bank in full and that the bank falsely reported the status of his credit account. *Id.* But when the defendant bank moved for summary judgment, the plaintiff failed to provide an affidavit, copy of a canceled check, credit statement, receipt, or other documentation that would demonstrate that the debt had been paid in full. *Id.* In the present case, Reed does not allege in her complaint that she has paid the debt nor does she allege any facts that suggest she does not legitimately owe the debt reported by First Premier or that the reported debt was inaccurate or incomplete. Accordingly, Reed fails to state a claim and dismissal is appropriate pursuant to 28 U.S.C. § 1915. Therefore, it is

ORDERED that Reed's motion for leave to proceed in forma pauperis (Docket 3) is denied and her complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915.

Dated December 12, 2011.

>BY THE COURT:

>/s/ *Karen E. Schreier*
>KAREN E. SCHREIER
>CHIEF JUDGE